UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

N° 09-CV-4770 (JFB)
_____

ANGEL B. DONE,

Plaintiff,

VERSUS

OPTION ONE MORTGAGE AND WELLS FARGO BANK, N.A AS TRUSTEE FOR OPTION ONE MORTGAGE TRUST 2004-3 ASSET-BACKED CERTIFICATES, SERIES 2004-3,

Defendants.

_____

MEMORANDUM AND ORDER
March 30, 2011
_____

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Angel B. Done ("plaintiff" or "Done") filed this action against defendants Option One Mortgage ("Option One") and Wells Fargo Bank, N.A. ("Wells Fargo") as Trustee for Option One Mortgage Trust 2004-3 Asset-Backed Certificates, Series 2004-3 (collectively "defendants") for violations of federal and state law relating to his mortgage, seeking rescission of his mortgage note, monetary damages, and to quiet title to real property. This is the plaintiff's latest effort to re-litigate the state court foreclosure on the Commack, New York property ("Commack property") in question. The prior lawsuit, related to the same mortgage loan (originated by Option One and presently held by Wells Fargo, as Trustee), was dismissed by this Court by Order dated September 14, 2009. *See Done v. Wells Fargo*, 08 CV 3040 (JFB) (ETB). The Court, adopting the Report and Recommendation of Magistrate Judge Boyle, held that the Court lacked subject matter jurisdiction over plaintiff's claims under the *Rooker-Feldman* doctrine because Done was attempting to re-litigate the state court foreclosure action that had resulted in the foreclosure sale of the property in April 2008. The instant lawsuit was filed within two months of the Court's decision.

Defendants have moved to dismiss the complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim for which relief may be granted. For the reasons stated herein, the Court concludes that the federal claims must be dismissed in their entirety. First, to the extent that plaintiff's federal claims again seek to undo the prior state court foreclosure of the Commack property and restore title to Done, the Court lacks subject-matter jurisdiction over any claims seeking such relief because it would require voiding a state court judgment, and such claims are barred by the *Rooker-Feldman* doctrine. Similarly, any remaining federal claims (either for injunctive or monetary relief) alleging that the loan was invalid because of some alleged securitization of the loan after it was made also is precluded under *Rooker-Feldman* because any such claims would require invalidating the mortgage loan, the validity of which was the basis of the successful foreclosure judgment in state court. Second, even assuming *arguendo* that the federal claims were not barred by *Rooker-Feldman*, the federal claims, which are all based on the loan closing in 2004, are time-barred. Third, even if timely and not barred by *Rooker-Feldman*, the federal claims also are barred because they do not allege any specific wrongdoing by Option One or Wells Fargo; rather, the complaint appears to be a boilerplate complaint without any specific allegations directed at the particular transaction at issue. Thus, plaintiff has failed to state a claim. Finally, to the extent that plaintiff is attempting to raise any state law claims, the Court declines, in its discretion, to exercise supplemental jurisdiction over any such claims. Accordingly, defendants' motion to dismiss is granted, and plaintiff's complaint is dismissed in its entirety.

I. FACTS

Plaintiff's conclusory complaint is largely devoid of factual allegations specific to this case. The twenty-seven-page complaint appears to be a boilerplate complaint, and is essentially not modified to include facts relevant to plaintiff's grievances. Although the complaint is difficult to decipher, plaintiff appears to assert that he was somehow injured by the fact that his mortgage was securitized. Plaintiff appears to allege that because defendants intended to securitize plaintiff's mortgage loan, the terms of the mortgage "could not meet normal underwriting standards" and exposed plaintiff to potential liability to unidentified third-party purchasers of the securitized mortgage. (Compl. ¶¶ 5-8, 26.) Plaintiff asserts claims under various federal and state laws, seeking rescission of his mortgage, monetary damages, and to quiet title to real property.

Although plaintiff's claims center on a mortgage loan signed by plaintiff, nowhere in the complaint does plaintiff include essential facts about that mortgage, including essential terms of the mortgage (a copy of the mortgage note was not attached to the complaint) and which property is at issue. As a result, the facts described below are gleaned from defendants' motion papers and certain attached exhibits which (under the below-referenced case authority) the Court may consider on a motion to dismiss.[1]

The Notice of Lis Pendens, executed by plaintiff in connection with this dispute,

---

[1] For the reasons noted *infra*, the motion to dismiss would be granted even without consideration of these documents.

2

indicates that plaintiff is seeking to quiet title to 200 Kings Park Road, Commack, New York (the "Commack property"). (Aff. of Andrew B. Messite in Supp. of Defs.' Mot. to Dismiss the Compl. ("Messite Aff.") Ex. D.) Plaintiff purchased the property with a mortgage loan from Option One, which is at the heart of the dispute in this case. As noted *supra*, the action before this Court is plaintiff's second attempt to regain title to the Commack property. Plaintiff had previously filed before this Court an action against Wells Fargo, *Done v. Wells Fargo Bank, N.A.*, 08-CV-3040 (JFB) (ETB), seeking reversal of state court foreclosure proceedings that resulted in the sale of the Commack property, largely attacking the standing of Wells Fargo to commence the foreclosure proceeding in state court. (Messite Aff. Ex. B (Report and Recommendation from the Magistrate Judge, dated August 7, 2009).) This Court dismissed plaintiff's previous proceeding and it appears that plaintiff is, once again, attempting to regain title to the Commack property in a new action filed before this Court. The Commack property was sold on April 14, 2008, after the state court issued a default judgment of foreclosure on May 31, 2007. (*Id*. at 2.)

In the complaint currently before this Court, plaintiff is attacking the validity of the mortgage loan from Option One. Plaintiff entered into a $460,750 mortgage loan ("Loan Document")[2] with Option One. (Defs.' Mem. of Law at 5; Messite Aff. Ex. E.) Though the Loan Document was signed by plaintiff and Option One, Option One transferred its interest in the Loan Document to Wells Fargo through an assignment. (Messite Aff. Ex. B, at 12.)

## II. PROCEDURAL HISTORY

Plaintiff filed the complaint in this Court on November 3, 2009. Defendants filed a motion to dismiss in lieu of an answer on April 2, 2010. Plaintiff responded to the motion on May 5, 2010. Defendants submitted their reply to this Court on May 21, 2010. The Court has considered the submissions and arguments of the parties.

## III. STANDARD OF REVIEW

When a court reviews a motion to dismiss for lack of subject-matter jurisdiction, it "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). Moreover, the court "may consider affidavits and other materials beyond the pleadings to resolve the

---

[2] The Loan Document may be properly considered by the Court because, on a motion to dismiss, this Court may consider a document "that the plaintiff[] either possessed or knew about and upon which [he] relied in bringing the suit." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *see also In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and vacated in part on other grounds sub nom., Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005), *vacated on other grounds*, 547 U.S. 71 (2006). Here, there is no question that the plaintiff possessed and knew about the Loan Document, and relies upon it. Moreover, it also may be considered because he solely relies upon it and it is integral to his complaint. The Court notes that plaintiff does not dispute these documents in his opposition papers.

jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits." *Id*. "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

When a Court reviews a motion to dismiss for failure to state a claim for which relief can be granted, it must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court recently clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. --- U.S. ----, 129 S. Ct. 1937 (2009). The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 1949 (internal citations omitted) (quoting and citing *Twombly*, 550 U.S. at 556-57).

Where, as here, the plaintiff is proceeding *pro se*, "[c]ourts are obliged to construe the [plaintiff's] pleadings . . . liberally." *McCluskey v. N.Y. State Unified Court Sys.*, No. 10-CV-2144 (JFB)(ETB), 2010 U.S. Dist. LEXIS 69835, 2010 WL 2558624, at *8 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) and *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Nonetheless, even though the Court construes a *pro se* complaint liberally, the complaint must still "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Mancuso v. Hynes*, 379 Fed. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

The Court notes that in adjudicating this motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the

4

complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and vacated in part on other grounds sub nom., Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005), *vacated on other grounds*, 547 U.S. 71 (2006); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); Brodeur v. City of New York, No. 04 Civ. 1859 (JG), 2005 U.S. Dist. LEXIS 10865, at *9-10 (E.D.N.Y. May 13, 2005) (court could consider documents within the public domain on a Rule 12(b)(6) motion to dismiss).

IV. DISCUSSION

Defendants raise a number of arguments in support of dismissal. For the reasons that follow, the Court concludes that dismissal of all federal claims is warranted on several alternative grounds.

A. *Rooker-Feldman* Doctrine[3]

Defendants argue that the *Rooker-Feldman* doctrine bars plaintiff's claims because plaintiff is essentially appealing the state court foreclosure proceeding, which resulted in the sale of the Commack property. For the reasons set forth below, the Court agrees with the defendants that, to the extent that plaintiff's federal claims again seek to undo the prior state court foreclosure of the Property and restore title to Done, the Court lacks subject-matter jurisdiction over any claims seeking such relief because it would require voiding a state court judgment, and such claims are barred by the *Rooker-Feldman* doctrine. Moreover, any remaining federal claims (either for injunctive or monetary relief) alleging that the loan was invalid because of some alleged securitization of the loan after it was made also are precluded under *Rooker-Feldman* because any such claims would require invalidating the mortgage

---

[3] The defendants bring their motion to dismiss under Rule 12(b)(6). However, because the defendants' *Rooker-Feldman* argument implicates the court's subject-matter jurisdiction, it is more appropriately brought under Rule 12(b)(1). *See Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n. 6 (2d Cir. 2006) (noting that Second Circuit has considered standing challenges under both rules in the past but that 12(b)(1) is the more appropriate rule); *see also Lance v. Coffman*, 549 U.S. 437, 438 n. 8 (2007) (explaining that *Rooker Feldman* "concerns a district court's subject-matter jurisdiction"). In any event, as discussed above, the Court is independently obligated to determine whether it has subject-matter jurisdiction and, accordingly, considers the *Rooker-Feldman* argument regardless of which rule the defendants assert it under.

5

loan, the validity of which was the basis of the successful foreclosure judgment in state court.

Although plaintiff asserts in his opposition papers that the *Rooker-Feldman* doctrine has been abolished by the Supreme Court (Pl.'s Opp. at 8), that is not, in fact, the case. The *Rooker-Feldman* doctrine arises from two decisions issued by the United States Supreme Court, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and stands for the proposition that "lower federal courts possess no power whatever to sit in direct review of state court decisions." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970); *accord Hoblock v. Albany Cty. Bd. of Elecs.*, 422 F.3d 77, 84 (2d Cir. 2005) ("[F]ederal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments."). Though this doctrine was once improperly equated with that of res judicata, *see Moccio v. N.Y. State Office of Ct. Admin.*, 95 F.3d 195, 199-200 (2d Cir. 1996), the Supreme Court has clarified that *Rooker-Feldman* is jurisdictional in nature, whereas res judicata deals with preclusion. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) ("Preclusion, of course, is not a jurisdictional matter. See Fed. Rule Civ. Proc. 8(c) (listing res judicata as an affirmative defense).").

In *Hoblock*, the Second Circuit rigorously re-examined the *Rooker-Feldman* doctrine in light of the Supreme Court's decision in *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*. *See Hoblock*, 422 F.3d at 83. The Second Circuit noted that Exxon Mobil had reduced the expanse of the *Rooker-Feldman* doctrine, "holding that it 'is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Hoblock*, 422 F.3d at 85 (quoting *Exxon Mobil*, 544 U.S. at 284). Thus, the Second Circuit delineated four requirements for the application of *Rooker-Feldman*: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by a state court judgment"; (3) "the plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." *Id*. at 85 (internal citations and quotation marks omitted). The Second Circuit has classified the first and fourth requirements as "procedural" and the second and third requirements as "substantive." *See id*. As discussed below, all four of these requirements are satisfied in this case.

1. Procedural Requirements

The procedural requirements of *Rooker-Feldman* are met here. First, plaintiff lost in state court, which resulted in an entry of judgment in state court and a foreclosure sale. Second, the state court judgment, which resulted in the April 2008 sale of the Commack property, occurred well before these district court proceedings were commenced in November 2009. Therefore, plaintiff lost in state court, and, to the extent the allegations in plaintiff's complaint attempts to undo the foreclosure, his claims

relate to a state-court judgment "rendered before the district court proceedings commenced." *See Hoblock*, 422 F.3d at 85. Accordingly, the procedural requirements of *Rooker-Feldman* are met.

2. Substantive Requirements

The Court also concludes that, to the extent that plaintiff seeks to challenge the state court judgment of foreclosure, the substantive requirements of *Rooker-Feldman* are met as well. The substantive requirements of *Rooker-Feldman* are that "the plaintiff must complain of injuries caused by a state court judgment" and "the plaintiff must invite district court review and rejection of that judgment." *Holblock*, 422 F.3d at 85. A plaintiff's injuries are not "caused by a state court judgment" when the state court "simply ratified, acquiesced in, or left unpunished" the actions of a third party. *Id.* at 88. Additionally, "a party is not complaining of an injury 'caused by' a state-court judgment when the exact injury of which the party complains in federal court existed *prior* in time to the state-court proceedings, and so could not have been 'caused by' those proceedings." *McKithen v. Brown*, 481 F.3d 89, 98 (2d Cir. 2007). Events occurring after the state court judgment may also break the causal chain. For example, in *Morrison v. City of New York*, 591 F.3d 109 (2d Cir. 2010), the Second Circuit construed a Queens Family Court order as directing hospital personnel to evaluate plaintiff and hold her for two weeks if the hospital found she was a danger to herself or to others. *Id*. at 113. The hospital found that plaintiff was dangerous and detained her. *Id.* The Second Circuit held that *Rooker-Feldman* did not bar plaintiff's § 1983 suit challenging her detention because the cause of her detention—and the issue plaintiff sought review of—was the hospital's finding that she was dangerous, not the court order directing the hospital to evaluate plaintiff. *Id.* at 115.

Here, there is no question that the purpose of this lawsuit is to undo the foreclosure. For example, the complaint seeks, among other things, the following: (1) "an order compelling said Defendant and each of them, to transfer or release legal title and alleged encumbrances thereon and possession of the subject property to Plaintiff herein"; (2) "a declaration and determination that Plaintiff is the rightful holder of title to the property and that Defendant herein and each of them, be declared to have no estate, right, title or interest in said property"; and (3) "judgment forever enjoining said defendants, and each of them, from claiming any estate, right, title or interest in said property." (Compl. ¶ 116.) Although there are vague references to monetary damages, at the end of the complaint plaintiff once again reiterates that he is seeking to have "the Court find that the transactions [sic] the subject of this action are illegal and are deemed void; that the foreclosure which was instituted be deemed and declared illegal and void and that the further proceedings in connection with the foreclosure be enjoined." (Compl. at 27.)

Accordingly, it is abundantly clear from the complaint that plaintiff is seeking to undo the state court judgment, and the complaint can be construed as alleging injuries that occurred as a result of the judgment—specifically, the foreclosure on plaintiff's property. Moreover, many of the specific claims (such as the Fair Credit

Reporting Act ("FCRA") claim) are entirely dependent on the loan in question being invalid, which has already been resolved against plaintiff in the state court proceeding. Given the factual allegations and relief sought, which are inextricably intertwined with the state court judgment and would require overturning the state court judgment, this Court concludes that the substantive requirements of the *Rooker-Feldman* doctrine are met. Although plaintiff has made a cursory reference to seeking monetary damages, it is abundantly clear that the whole purpose of this action is to undo the foreclosure judgment. Therefore, *Rooker-Feldman* clearly applies.

This Court's determination on this issue is consistent with Second Circuit and district court decisions under analogous circumstances, both before and after the Supreme Court's decision in *Exxon Mobil*. For example, in *Kropelnicki v. Siegel*, 290 F.3d 118 (2d Cir. 2002), plaintiff alleged that defendants violated various federal statutes by proceeding to judgment against her in a state court debt collection action, despite having represented to her attorney that they would not advance the litigation without first contacting the lawyer. *Id.* at 122. Plaintiff further alleged that defendants violated the Fair Debt Collection Practices Act in their collection efforts, violated the Connecticut Consumer Credit Protection Act, and engaged in deceptive practices violating the Connecticut Unfair Trade Practices Act. *Id.* at 125. The Second Circuit emphasized that the *Rooker-Feldman* doctrine provides that lower federal courts lack subject matter jurisdiction over claims that "effectively challenge state court judgments." *Id.* at 128. This includes claims that are "inextricably intertwined" with state court determinations. *Id.* (citing *Feldman*, 460 U.S. at 482-83 n.16).

In *Kropelnicki*, although plaintiff alleged that her claims were in fact based on defendants' fraud—rather than the debt collection matter at issue in the underlying state court action—the Second Circuit found that plaintiff's claims were inextricably intertwined with her state court claims. Specifically, the Circuit noted that "a litigant may not rely on the deception of her opponents to demonstrate that she was not afforded a reasonable opportunity to raise her claims." *Id.* (internal quotation marks omitted) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 549 (7th Cir. 1999)). The Circuit clarified that there is no "blanket fraud exception to *Rooker-Feldman*." *Id.* (quoting *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 186-87 (2d Cir. 1999)). Instead, plaintiff must demonstrate "some factor independent of the actions of the opposing party that precluded [her] from raising [her] federal claims." *Id.* at 128-29 (citing *Long*, 182 F.3d at 558). The Second Circuit further noted that:

> [I]f adjudication of a claim in federal court would require the court to determine that a state court judgment was erroneously entered or was void, the claim is inextricably intertwined with the merits of the state court judgment. *See Jordhal v. Democratic Party*, 122 F.3d 192, 202 (4th Cir. 1997). Were we to accept Kropelnicki's argument that the defendants misrepresented to Licari that they would take no further steps in the state court action without first contacting him, our ruling would effectively declare the state court

judgment fraudulently procured and thus void. This is precisely the result that the *Rooker-Feldman* doctrine seeks to avoid . . . .

*Id.* at 129 (citing *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995) ("*Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling.")). Thus, the Second Circuit held the plaintiff's claims in *Kropelnicki* were barred by *Rooker-Feldman*. *Id.*

Similarly, in *Ashby v. Polinsky*, 328 F. App'x 20 (2d Cir. 2009), *aff'g* No. 06-CV-6778 (DLI), 2007 WL 608268 (E.D.N.Y. Feb. 22, 2007), the Second Circuit found that the *Rooker-Feldman* doctrine barred a plaintiff's claims under Section 1983 in response to a state court order foreclosing on her property. *Id.* at 21. Specifically, the Second Circuit found that plaintiff's claims were barred when: (1) the plaintiff "lost in New York state court; (2) the underlying injury of which she complained was the foreclosure on her property caused by the state court order; (3) she challenged the validity of that proceeding, and requested that the district court find that the state court order was unconstitutional; and (4) she filed her complaint after the state court order had been entered." *Id.*

In sum, this Court concludes that, to the extent that plaintiff's complaint seeks to undermine the state court foreclosure judgment, *Rooker-Feldman* bars the claims.

B. The Federal Claims Are Time-Barred

Even assuming *arguendo* that there is some portion of the complaint that is not trying to undo the state court judgment, plaintiff's federal claims are time-barred and must be dismissed.[4]

The statute of limitations for plaintiff's federal law claims began to run when plaintiff signed the Loan Document. *See, e.g., McKay v. Sacks*, No. 05CV2307 (SJF) (LB), 2005 WL 1206810, at *4 (E.D.N.Y. May 20, 2005) ("It is well settled that in 'closed-end credit' transactions, such as a mortgage loan, the date of the occurrence of the violation is no later than the date the plaintiff enters into the loan agreement."); *Cardiello v. The Money Store, Inc.*, No. 00 Civ. 7332 (NRB), 2001 WL 604007, at *3 (S.D.N.Y. June 1, 2001) (collecting cases). Plaintiff signed the Loan Document on August 19, 2004 (Messite Aff. ¶ 12) and the loan was disbursed on the same day (*Id.* Ex. E, at 30).

Because the statute of limitations began to run in August 2004 and he did not file this lawsuit until over five years later on November 3, 2009, plaintiff's federal claims brought pursuant to the Home Ownership Equity Protection Act ("HOEPA"), Real Estate Settlement Procedures Act ("RESPA"), Truth In Lending Act ("TILA"), the Fair Credit Reporting Act ("FCRA"), and the Racketeer Influenced and Corrupt Organizations Act ("RICO") are all time-barred. *See* 15 U.S.C. § 1640(e) (TILA statute of limitations for damages claim is "one year from the date of the occurrence of the violation"); 15 U.S.C. §

---

[4] The Court notes that plaintiff does not argue that equitable tolling is applicable here and has not alleged any facts as to why equitable tolling should apply to his case. Thus, plaintiff is not entitled to equitable tolling.

9

1635(f) (TILA statute of limitations for rescission claim is three years); 15 U.S.C. § 1640(e) (HOEPA statute of limitations is also one year); 15 U.S.C. § 1681p (FCRA statute of limitations begins to run on the earlier of (1) two years after the alleged violation is discovered or (2) five years after the violation actually occurred); 12 U.S.C. § 2614 (RESPA statute of limitations is one year); *Sluka v. Estate of Herink*, No. 94 CV 4999, 1996 WL 612462, at *9 (E.D.N.Y. Aug. 13, 1996) ("Civil RICO claims are governed by a uniform four-year state of limitations.")[5]

In sum, plaintiff's claims based on federal statutes are all time-barred.[6]

### C. The Complaint Fails to Satisfy the *Twombly/Iqbal* Pleading Standards

Even assuming *arguendo* the federal claims are timely and not barred by *Rooker-Feldman*, defendant argues that the federal claims should be dismissed because of "plaintiff's failure to adequately allege any specific wrongdoing by Option One or Wells Fargo." (Defs.' Mem. of Law, at 8.) In particular, defendants point out that the complaint "fails to allege a single fact specific to the loan sued upon, including the amount of the loan, the date of the loan or *any information* specific to his actual loan, much less any wrongdoing in connection with that loan." (*Id*. at 2 (emphasis in original).) Instead, defendants argue that plaintiff had simply used "boilerplate allegations and causes of action apparently found on the internet, without regard to the specifics of his own transaction." (*Id*.) In support of this argument, defendants cite to an identical complaint filed by a *pro se* plaintiff in the Southern District of New York.

For the reasons set forth by defendants,

---

[5] The Court's conclusion that plaintiff's civil RICO claim is time-barred is based upon construing the complaint to allege that the injury asserted by plaintiff relates to the terms of the Loan Document, of which plaintiff was clearly aware at the time he signed it. *See, e.g., Chainani v. Dime Savings Bank FSB*, No. 94 Civ. 7549 (LAP), 1996 WL 622031, at *5-6 (S.D.N.Y. Oct. 28, 1996) (concluding that plaintiff alleged an injury based on entering into the mortgage loan and that plaintiff was on "notice" of the loan's terms, which were at the heart of the dispute). Consequently, the time began to run on plaintiff's civil RICO claim on August 19, 2004 when plaintiff signed the Loan Document. To the extent plaintiff is attempting to allege some other later injury, the Court cannot decipher what that would be. Similarly, in the alternative plaintiff failed to properly allege the elements required to make out a civil RICO claim as outlined in detail in defendants' motion papers. (*See* Defs.' Mem. of Law at 16-18.)

[6] Plaintiff also seeks to quiet title to the Commack property. Essentially, plaintiff is asserting that because the Loan Document must be rescinded, due to the defendants' violations of various federal statutes, plaintiff has a right to quiet title to the Commack property. In *Grable & Son Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 315 (2005), the Supreme Court held that federal jurisdiction can be exercised over a quiet title claim where an essential element of the claim turns on the meaning of a federal statute. Even assuming *arguendo* that plaintiff is seeking to make that argument here, this claim must fail because the quiet title claim (implicating federal law) is barred by the *Rooker-Feldman* doctrine in this case and, in any event, is predicated on are time-barred.

the Court agrees that the complaint fails to set forth a plausible claim because it contains no allegations that relate specifically to his actual loan transaction or to any particular wrongdoing in connection with that transaction. As the Supreme Court has emphasized in *Iqbal*, pleadings that are "no more than conclusions, are not entitled to the assumption of truth" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 129 S. Ct. at 1949-50. Moreover, the Second Circuit has explained that "mere 'labels and conclusions' or 'formulaic recitation[s] of the elements of a cause of action will not do'; rather, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Artista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). Thus, although *pro se* complaints are held to less stringent standards and must be construed liberally to raise the strongest arguments that they suggest, this complaint still cannot survive a motion to dismiss because it provides only boilerplate and no specific factual allegations about this case whatsoever. Accordingly, in the alterative, the federal claims are dismissed for failure to state a claim under Rule 12(b)(6).

D. State Law Claims[7]

To the extent plaintiff is attempting to allege state law claims in this lawsuit, having determined that plaintiff's federal claims do not survive defendants' motion to dismiss, the Court concludes that retaining jurisdiction over any state law claims that plaintiff's complaint attempts to assert is unwarranted. *See* 28 U.S.C. § 1367(c)(3).

"In the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" *Birch v. Pioneer Credit Recovery, Inc.*, No. 06-CV-6497T, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986), *cert. denied* 476 U.S. 1159 (1986)). Therefore, in the instant case, the Court, in its discretion, "'decline[s] to exercise supplemental jurisdiction'" over plaintiff's state law claims because "it 'has dismissed all claims

---

[7] Plaintiff does not explicitly state the basis for federal jurisdiction in his complaint. However, the Court construes the complaint is invoking federal question jurisdiction because he alleges violations of various federal statutes in his complaint and includes no allegations on the citizenship of the parties. Because plaintiff does not invoke diversity jurisdiction and there is insufficient information in the complaint to establish diversity jurisdiction, the Court treats the state claims as being asserted under the Court's pendent jurisdiction. As a result, the Court may choose not to exercise supplemental jurisdiction over plaintiff's state law claims where, as here, all federal law claims are dismissed as a matter of law. *See* 28 U.S.C. § 1367(c)(3).

over which it has original jurisdiction.'" *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)); *see also Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction."); *Karmel v. Claiborne, Inc.*, No. 99 Civ. 3608 (WK), 2002 WL 1561126, at *4 (S.D.N.Y. July 15, 2002) ("Where a court is reluctant to exercise supplemental jurisdiction because of one of the reasons put forth by § 1367(c), or when the interests of judicial economy, convenience, comity and fairness to litigants are not violated by refusing to entertain matters of state law, it should decline supplemental jurisdiction and allow the plaintiff to decide whether or not to pursue the matter in state court.").

Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to retain jurisdiction over any remaining state law claims plaintiff is attempting to assert given the absence of any federal claims that survive.

## V. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted. Specifically, the Court grants defendants' motion to dismiss plaintiff's federal claims because they are barred by the *Rooker-Feldman* doctrine and also fail to state a claim. To the extent that plaintiff is attempting to raise any state law claims, the Court declines, in its discretion, to exercise supplemental jurisdiction over any such claims. Accordingly, defendants' motion to dismiss is granted, and plaintiff's complaint is dismissed in its entirety. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 30, 2011
       Central Islip, New York

\* \* \*

Plaintiff is representing himself *pro se*: Andel Done, 84-21 88th Street, Woodhaven, New York 11421. The defendants are represented by: Andrew B. Messite, Esq., and Kerren B. Zinner, Esq., of Reed Smith LLP, 599 Lexington Avenue, New York, New York 10022.